**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THAKUR SINGH; GURCHARAN KAUR, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-74495 <br><br> Agency Nos. A072-115-383 <br> A070-537-980 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 14, 2011
San Francisco, California

Before: THOMAS and MURGUIA, Circuit Judges, and HUFF, District Judge.[**]

Thakur Singh and Gurcharan Kaur, natives and citizens of India, petition for

review of the Board of Immigration Appeals ("BIA") decision affirming the

immigration judge's ("IJ") denial of asylum, withholding of removal, protection

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation.

under the Convention Against Torture ("CAT"), and voluntary departure.  We

deny the petition for review.  Because the parties are familiar with the factual and

procedural history of the case, we need not recount it here.

I

Substantial evidence supports the adverse credibility determination in this

case.  The record is replete with testimonial inconsistencies and discrepancies in

Petitioners' application documents that provide substantial evidence to support  the

IJ's adverse credibility finding.  Of particular note are the inconsistencies

concerning the number and the dates of the alleged arrests.  Petitioners concede

that at least some of the inconsistencies go to the heart of the their claim.  *See Li v.*

*Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) ("An adverse credibility ruling will be

upheld so long as identified inconsistencies go to the 'heart of the asylum claim.'")

(citation omitted).  Petitioners contend that these inconsistencies were the result of

psychological impairments.  There is support for this argument in the record.

However, both the BIA and the IJ took the psychological evidence into

consideration, and substantial evidence supports the IJ's and BIA's conclusion that

the impairments were not significant enough to explain the inconsistencies.

II

The BIA and IJ did not reject Petitioners' CAT claim solely on an adverse credibility determination, as Petitioners allege. The IJ's decision indicates that he considered Petitioners' CAT claim separately from their asylum claim by reviewing the evidence on the record to determine whether Petitioners had a well-founded fear of future persecution. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003). The BIA adopted the IJ's reasoning in affirming denial of CAT relief. Substantial evidence in the record, notably the relevant country reports, supports this conclusion.

### III

We have jurisdiction to consider the IJ's denial of voluntary departure on the basis of lack of good moral character because the IJ's determination was based on non-discretionary aspects of the voluntary departure statute's moral character requirement. *Romero-Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir. 2003). However, the record supports the IJ's determination that the Petitioners gave false testimony under oath for the purpose of obtaining an immigration benefit. Therefore, substantial evidence supports the IJ's denial of voluntary departure.

**PETITION DENIED.**